IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS AT AUSTIN

| | |
|---|---|
| MICHAEL CHAD BLACK, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDEAL CONCEPTS, INC.<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>1:24-cv-1323<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Chad Black ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## INTRODUCTION

1. This case involves a campaign by Ideal Concepts, Inc., which does business as InsureMe ("Ideal Concepts") who made telemarketing calls to market their insurance services by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2. The recipients of Ideal Concepts' illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3. Plaintiff is an individual located in this District.

4. Defendant Ideal Concepts, Inc. is a Pennsylvania corporation.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law case because

6. This Court has general jurisdiction over Ideal Concepts because the company has its principal place of business in this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**FACTUAL ALLEGATIONS**

11. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number, (512) 925-XXXX, is a non-commercial telephone which is used for residential purposes.

13. Plaintiff's telephone number has been listed on the National Do Not Call Registry since March 2024.

14. Despite this, the Plaintiff received more than a dozen calls from InsureMe beginning on or around September 23, 2024.

15. The Plaintiff was sent these calls to sell InsureMe services, as other individuals have complained about receiving similar calls:



https://www.bbb.org/us/pa/allentown/profile/insurance-agency/insureme-0241-236066804



https://maps.app.goo.gl/ovhsWrfA9L4FVEqd8

16. Plaintiff has never been a customer of InsureMe and never consented to receive calls from InsureMe.

17. Plaintiff was not interested in InsureMe's services.

18. Plaintiff called back two of the numbers to inform InsureMe representatives that his number was on the National Do Not Call registry.

19. Additionally, Plaintiff requested while talking to InsureMe representatives that his number be placed on their internal Do Not Call list.

20. Despite this, the calls continued leaving Plaintiff feeling frustrated and harassed.

21. Plaintiff made Consumer Complaints with the Texas Attorney General, the Better Business Bureau, and the Federal Communications Commission on October 1, 2024 in an attempt for relief from InsureMe's telephone solicitations.

22. On October 1, 2024, Plaintiff also sent emails to Help@iwebQuotes.com and Privacy@idealconcepts.com which he found on https://www.iwebquotes.com/ with Cease and Desist instructions.

23. On October 2, 2024, Plaintiff called the phone number found on the Contact Us page of the iwebquotes.com website. Plaintiff spoke with Liz Sirianni. Plaintiff requested that his cell phone number 512-925-XXXX be placed on the company's Internal Do Not Call list. Within

4

a couple of hours later that same day Mrs. Sirianni sent a confirmation email to the Plaintiff with a screen shot that was forwarded to her from Eric Munley.

24. Plaintiff received an email from Alexander Liebergall. The email confirmed Plaintiff's concerns and that the phone number provided by the Plaintiff was placed on their Internal Do Not Call list. The email also contained the requested Telephonic Contact Policy that the Plaintiff requested a copy of. Additionally, the email stated that their was an online inquiry submitted by the alleged Plaintiff regarding health insurance/coverage on August 13, 2024.

25. On October 4, 2024, the Plaintiff sent a reply email to Mr. Liebergall to request a copy of the alleged "TrustedForm" information that was collected on August 13, 2024 from the following website: https://www.bestamericanhealth.com/. Mr. Liebergall did not provide the requested copy of the "TrustedForm" even when the Plaintiff requested that document due to his privacy and security.

26. Plaintiff and other individuals who received these telemarketing calls and telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

29. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

**Numerosity**

30. Members of the Class are so numerous that their individual joinder is impracticable.

31. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

32. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

33. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

**Commonality**

34. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

35. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

36. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

37. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

38. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

40. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

41. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

42. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

43. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

44. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

47. The Defendant's violations were negligent, willful, or knowing.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

49. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this October 31, 2024.

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com
>
>*/s/ Anthony Paronich*
>Anthony Paronich
>Email:  anthony@paronichlaw.com
>PARONICH LAW, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>Telephone:  (617) 485-0018
>Facsimile:  (508) 318-8100
>
>
>*Attorneys for Plaintiff and the Proposed Class*