**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL CHAD BLACK, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED;** | § § § § | |
| **Plaintiff,** | § § | **CIVIL NO. A-24-CV-01323-ADA** |
| **v.** | § § § | |
| **IDEAL CONCEPTS, INC.,** | § § § | |
| **Defendant.** | § | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, TO CERTIFY PURSUANT TO 28 U.S.C. § 1292(b)**

Before the Court is Defendant's motion to dismiss or, in the alternative, to certify the Court's order for interlocutory appeal. ECF No. 14. The Court determines that no hearing is necessary. After careful consideration of the operative complaint, the parties' briefing, and the applicable law, the motion is **DENIED**.

## I.    BACKGROUND[1]

Plaintiff Michael Chad Black ("Plaintiff") filed this putative class action lawsuit against Defendant for alleged violations of the Telephone Consumer Protection Act, § 47 U.S.C. § 227 ("TCPA"), and associated federal regulations. Plaintiff alleges that he repeatedly received unsolicited telemarketing calls from Defendant to his cellular telephone number (a non-commercial telephone used for residential purposes), even though his number was listed on the national do-not-call registry. Plaintiff alleges that he called Defendant's representatives to inform them that his number was on the national do-not-call registry and request that his number be placed on their internal do-not-call registry. According to Plaintiff, the calls continued, so he took further

---

[1] The Background section recites allegations found in Plaintiff's operative complaint (ECF No. 1).

measures to try and obtain relief from Defendant's telephone solicitations. Plaintiff thus asserts a claim under 47 U.S.C. § 227(c) and through the corresponding regulation 47 C.F.R. § 64.1200(c)(2).

## II.    LEGAL STANDARD

In determining a Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). While a complaint does not need detailed factual allegations, it must contain sufficient factual matter that, when assumed to be true, states a claim that has facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not evaluate the merits of the allegations but only consider whether the plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A pleading must provide "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (internal quotation marks omitted) (citations omitted).

## III.    ANALYSIS

Defendant moves to dismiss Plaintiff's claim on the basis that the statutory and regulatory provisions at issue apply only to *residential* numbers, not *cellular* telephones. ECF No. 14 at 1. Alternatively, Defendant seeks certification for interlocutory review under 28 U.S.C. § 1292(b).

### A.    Rule 12(b)(6) Motion

In its motion, Defendant argues that Plaintiff cannot state a claim under § 227(c) based upon alleged calls to his cellular phone because the TCPA and the implementing federal regulations restrict calls made to a residential telephone subscriber, not to a cellular telephone like

2

Plaintiff's. ECF No. 14. Plaintiff responds that these provisions apply to cellular telephones that are used for residential purposes, like Plaintiff's. ECF No. 18.

Defendant claims that "[m]yriad courts have determined that 47 C.F.R. § 64.1200(c) does not apply to cellular telephones." ECF No. 14 at 4 (citing *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021); *Cunningham v. Britereal Mgmt., Inc.*, No. 20-cv-144-SDJ-KPJ, 2020 WL 7391693, at *7 (E.D. Tex. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020); *Cunningham v. Politi*, No. 18-00362ALMCAN, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019), *report and recommendation adopted*, 2019 WL 2526536 (E.D. Tex. June 19, 2019); *Gaker v. Q3M Ins. Sols.*, No. 22-cv-00296, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) (report & recommendation).

These cases are not persuasive. In *GreenSky*,[2] the court dismissed the *pro se* plaintiff's TCPA claim because he "neither addressed the defendant's argument nor cited any authority that 47 C.F.R. § 64.1200(d)(1) applies to cell phones." *See Callier v. Momentum Solar LLC*, No. EP-23-CV-00377-KC, 2024 WL 1813446, at *3 (W.D. Tex. Apr. 25, 2024). The *Cunningham* line of cases involved the same serial plaintiff who failed to plead that his cellular telephone number was used for residential purposes. *See Myrick v. Adapthealth, LLC*, No. 6:22-CV-00484-JDK, 2023 WL 5162396, at *3 (E.D. Tex. June 26, 2023) ("Plaintiff's allegations regarding his cellular phone qualifying him as a residential telephone subscriber distinguish this case from the line of *Cunningham* cases cited by Defendants."). And *Gaker* involved an unresolved magistrate recommendation.

---

[2] Indeed, the same district court judge who decided *GreenSky* later stated that its "conclusion was confined to and informed by the plaintiff's briefing and allegations in that case" and that "[t]o the extent that *Greensky* stands for a broader holding that the residential telephone regulations can never apply to calls made to cell phones, the Court concludes it was incorrectly decided in light of other authority." *Guadian v. DebtBlue LLC*, No. EP-23-CV-329-KC, 2024 WL 5184488, at *6 n.3 (W.D. Tex. Apr. 16, 2024).

The Court agrees instead with "the vast majority of courts that have determined that §

227(c) applies to cell phones when used for residential purposes." *See Butler v. Tex. Card House,*

*LLC*, No. A-24-CV-01543-ADA, 2025 U.S. Dist. LEXIS 47774, at \*5 (W.D. Tex. Mar. 17, 2025)

(collecting cases). Defendant's arguments have not persuaded this Court that the majority position

is incorrect. Because the parties' only dispute with respect to Defendant's Rule 12(b)(6) motion

turned on whether § 227(c) applies to cell phone users, the Court will deny Defendant's motion to

dismiss.

**B.      Interlocutory Review Under 28 U.S.C. § 1292(b) Is Not Warranted**

Ordinarily, an appellate court has jurisdiction to review only "final decisions of the district

courts." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (quoting 28 U.S.C. §

1291). Otherwise, a party unhappy with an interlocutory ruling must wait until final judgment to

appeal all claims of error at once. *Id.* at 374.  Section 1292(b) provides one "narrow exception" to

the final-judgment rule. *Garner v. Wolfinbarger (Garner II)*, 433 F.2d 117, 120 (5th Cir. 1970)

(citing § 1292(b)).

Under § 1292(b), a district court has the discretion to certify an order for interlocutory

appeal where "(1) the order involves a controlling question of law, (2) there is a substantial ground

for difference of opinion on that question, and (3) an immediate appeal may materially advance

the ultimate termination of the litigation." *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs.,*

*Ltd.*, 125 F.4th 593, 598 (5th Cir. 2025) (internal quotation marks omitted) (citing § 1292(b);

*Garner v. Wolfinbarger (Garner I)*, 430 F.2d 1093, 1096–97 (5th Cir. 1970)). "Interlocutory

appeals are generally disfavored" and § 1292(b) "must be strictly construed." *Id.* (quoting *Allen v.*

*Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)).

4

Defendant argues whether 47 C.F.R. § 64.1200(c) applies to cellular telephones is a controlling question of law that should be certified for interlocutory appeal. ECF No. 14 at 18. The parties dispute over the propriety of interlocutory appeal focuses on whether "there is a substantial ground for difference of opinion on that question." Here, Defendant suggests that a substantial ground for difference of opinion exists because courts within this Circuit are split. *Id.* at 20. However, the cases cited by Defendant in support of this "split" (*GreenSky*, *Cunningham*, and *Gaker*) are those this Court found to hold little persuasive weight, as explained above. Moreover, the two cases that Defendant cites as recognizing a "split" both cited to *GreenSky* as a case in which a court determined 47 C.F.R. § 64.1200(c) does not apply to cellular telephones. *See Guadian*, 2024 WL 5184488, at *5; *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598, 2022 WL 562761 at *2 (N.D. Tex. Feb. 24, 2022). But the court in *Guadian* explicitly recognized that "[t]o the extent that *Greensky* stands for a broader holding that the residential telephone regulations can never apply to calls made to cell phones, the Court concludes it was incorrectly decided in light of other authority." *Guadian*, 2024 WL 5184488, at *6 n.3. Accordingly, the Court determines that Defendant has not shown a substantial ground for difference of opinion exists regarding the correctness of the decision. *See also Waste Mgmt. of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 F. App'x 820, 821–21 (5th Cir. 2014) (emphasizing that "the heavily lopsided nature of the . . . split in the district courts" did not warrant an interlocutory appeal). For this reason, the Court finds this case is not an exceptional case warranting certification for interlocutory appeal under § 1292(b).

## IV.    CONCLUSION

Defendant's motion to dismiss or, in the alternative, to certify for interlocutory appeal (ECF No. 14) is **DENIED**.

Accordingly, Defendant's motion for oral argument regarding its motion to dismiss or, in the alternative, to certify for interlocutory appeal (ECF No. 19) is **DENIED AS MOOT**.

**SIGNED** this 21st day of April, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

6