IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAD BLACK, *on behalf of himself and others similarly situated*, | § § § | |
| Plaintiffs, | § § | Case No. 1:24-cv-1323 |
| v. | § § | |
| IDEAL CONCEPTS, INC., | § § | |
| Defendant. | § § § | |

Defendant Ideal Concepts, Inc. ("Ideal Concepts"), by and through undersigned counsel, hereby answers Plaintiff's Class Action Complaint ("Complaint") (Dkt. 1.) and asserts the following affirmative defenses. Any allegations that are not specifically admitted herein, including all allegations contained in the headings and all unnumbered or introductory paragraphs in the Complaint, are denied.[1]

## Answer to Introduction

1. Ideal Concepts admits that Plaintiff is bringing this putative class action under the Telephone Consumer Protection Act ("TCPA"), but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for the classwide treatment. Answering further, Ideal Concepts denies the remaining allegation set forth in Paragraph 1.

2. Ideal Concepts denies the allegations set forth in Paragraph 2.

## Answer to Parties

3. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 and, on that basis, denies them.

---

[1] Ideal Concepts contends Plaintiff has named the wrong defendant. InsureMe is not a d/b/a; InsureMe is a separate legal entity. Ideal Concepts does not place outbound telephonic outreach. Ideal Concepts does not here answer on behalf of or for InsureMe, but solely on its own behalf.

4. Ideal Concepts admits that it is a Pennsylvania corporation.

## Answer to Jurisdiction and Venue

5. Plaintiff's allegations as to the existence of subject matter jurisdiction presents a legal issue to which Ideal Concepts is not required to respond. To the extent Ideal Concepts is required to respond, Ideal Concepts admits that this Court has federal jurisdiction because Plaintiff alleges a claim for violation of federal law under 47 U.S.C. § 227. Ideal Concepts denies the remaining allegations set forth in Paragraph 5.

6. Plaintiff's allegations as to the existence of personal jurisdiction presents a legal issue to which Ideal Concepts is not required to respond. To the extent Ideal Concepts is required to respond, Ideal Concepts denies the allegations set forth in Paragraph 6.

7. Plaintiff's allegations as to the existence of venue presents a legal issue to which Ideal Concepts is not required to respond. To the extent Ideal Concepts is required to respond, Ideal Concepts admits that, solely for purposes of this case, venue is appropriate. Ideal Concepts reserves the right to challenge this allegation to the extent Plaintiff was not in this District when any alleged call was received. Ideal Concepts the remaining allegations set forth in Paragraph 7.

## Answer to TCPA Background

8. Paragraph 8 consists exclusively of a legal conclusion to which Ideal Concepts is not required to respond. The cited statute speaks for itself. To the extent Ideal Concepts is required to respond to the substance of the allegations, Ideal Concepts denies the allegations set forth in Paragraph 8 and refers this Court to the cited statute for its full text.

9. Paragraph 9 consists exclusively of a legal conclusion to which Ideal Concepts is not required to respond. The cited regulation speaks for itself. To the extent Ideal Concepts is

required to respond to the substance of the allegations, Ideal Concepts denies the allegations set forth in Paragraph 9 and refers this Court to the cited regulation for its full text.

10. Paragraph 10 consists exclusively of a legal conclusion to which Ideal Concepts is not required to respond. The cited regulation speaks for itself. To the extent Ideal Concepts is required to respond to the substance of the allegations, Ideal Concepts denies the allegations set forth in Paragraph 10 and refers this Court to the cited regulation for its full text.

### Answer to Factual Allegations

11. Paragraph 11 consists exclusively of a legal conclusion to which Ideal Concepts is not required to respond. The cited statutory provision speaks for itself. To the extent Ideal Concepts is required to respond to the substance of the allegation, Ideal Concepts denies the allegations set forth in Paragraph 11 and refers this Court to the cited statute for its full text.

12. Ideal Concepts denies the allegations in Paragraph 12.

13. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and, on that basis, denies them.

14. Ideal Concepts admits that as a result of the prior express written consent to be contacted that Ideal Concepts contends Plaintiff provided, InsureMe placed outbound calls to the 512-925 number beginning in September of 2024. Ideal Concepts denies the remaining allegations set forth in Paragraph 14.

15. Ideal Concepts admits that as a result of the prior express written consent to be contacted that Ideal Concepts contends Plaintiff provided, InsureMe placed outbound calls to the 512-925 number beginning in September of 2024, pertaining to InsureMe. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 and, on that basis, denies them.

16. Ideal Concepts admits that no one matching Plaintiff's name has been a customer of InsurMe. Ideal Concepts denies the remaining allegations in Paragraph 16

17. Ideal Concepts denies the allegations in Paragraph 17.

18. Ideal Concepts admits Plaintiff placed multiple inbound calls to InsureMe, seeking information and, on certain of these calls, informing that he was on the National Do Not Call Registry. Ideal Concepts denies the remaining allegations set forth in Paragraph 18.

19. Ideal Concepts admits Plaintiff placed multiple inbound calls to InsureMe, seeking information and, on certain of these calls, requesting to be placed on the internal do not call list. Ideal Concepts denies the remaining allegations set forth in Paragraph 19.

20. Ideal Concepts denies the allegations in Paragraph 20.

21. Ideal Concepts admits Plaintiff made a complaint with the Better Business Bureau. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff made any complaints with the Texas Attorney General and the Federal Communications Commission. Ideal Concepts denies the merits of all such complaints and denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for the classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 21.

22. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of where the identified email addresses were obtained. Ideal Concepts admits the remaining allegations set forth in Paragraph 22.

23. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of where the phone number called on October 2, 2024 was obtained. Ideal Concepts admits the remaining allegations set forth in Paragraph 23.

24.     Ideal Concepts admits Plaintiff received an email from Alexander Liebergall, which (i) confirmed the 512-925 number was placed on the internal do not call list, (ii) provided the Telephonic Contact Policy and (iii) provided information relating to prior express written consent that Ideal Concepts contends Plaintiff provided on August 13, 2024. Ideal Concepts denies the remaining allegations set forth in Paragraph 24.

25.     Ideal Concepts admits that Plaintiff sent an email to Mr. Liebergall on October 4, 2025, requesting a TrustedForm link relating to consent provided on August 13, 2024 through the website https://www.bestamericanhealth.com/. Ideal Concepts further admits that Mr. Liebergall did not provide this TrustedForm link. Ideal Concepts denies each and every remaining allegation set forth in Paragraph 25.

26.     Ideal Concepts denies the allegations in Paragraph 26.

## Answer to Class Action Allegations

27.     Ideal Concepts admits that Plaintiff is bringing this case on behalf of himself and as a putative class action pursuant to Rule 23, seeking to certify the class set forth in Paragraph 27, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 27.

28.     Ideal Concepts admits that Plaintiff is bringing this case as a putative class action, excluding certain persons and reserving the right to modify the putative class definition, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 28.

29.     Ideal Concepts admits that Plaintiff brings this case individually and on behalf of a putative class, but denies that there is any factual or legal basis for the claims alleged, for the relief

sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 29.

30. Ideal Concepts denies the allegations in Paragraph 30.

31. Ideal Concepts denies the allegations in Paragraph 31.

32. Ideal Concepts denies the allegations in Paragraph 32.

33. Ideal Concepts denies the allegations in Paragraph 33.

34. Ideal Concepts denies the allegations in Paragraph 34.

35. Ideal Concepts denies the allegations in Paragraph 35.

36. Ideal Concepts denies the allegations in Paragraph 36.

37. Ideal Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's counsel's experience and competency. Ideal Concepts denies the remaining allegations set forth in Paragraph 37.

38. Ideal Concepts denies the allegations in Paragraph 38.

39. Ideal Concepts denies the allegations in Paragraph 39.

40. Ideal Concepts denies the allegations in Paragraph 40.

41. Ideal Concepts denies the allegations in Paragraph 41.

42. Ideal Concepts denies the allegations in Paragraph 42.

43. Ideal Concepts denies the allegations in Paragraph 43.

44. Ideal Concepts denies the allegations in Paragraph 44.

## Answer to Count I

45. Ideal Concepts incorporates and restates its responses to the foregoing allegations as if fully set forth herein.

46. Ideal Concepts denies the allegations in Paragraph 46.

47. Ideal Concepts denies the allegations in Paragraph 47.

48. Ideal Concepts denies the allegations in Paragraph 48.

49. Ideal Concepts admits that Plaintiff is bringing this case as a putative class action and is seeking injunctive relief, but denies there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. Ideal Concepts denies the remaining allegations set forth in Paragraph 49.

## PRAYER FOR RELIEF

Wherefore, Ideal Concepts denies that there is any legal or factual basis for any of the relief Plaintiff or the putative class members seek to recover in the Complaint's Prayer for Relief, contained on Page 9 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Ideal Concepts hereby asserts the following affirmative and other defenses to Plaintiff's Complaint.

### FIRST DEFENSE
### (Prior Express Consent)

Plaintiff's claims are barred because Plaintiff provided legally sufficient consent to receive the calls at issue.

### SECOND DEFENSE
### (Arbitration)

Upon information and belief, Plaintiff's the putative class members' claims may be subject to an arbitration provision. Ideal Concepts' investigation into this affirmative defense is ongoing.

### THIRD DEFENSE
### (Residential Numbers)

Plaintiff's do-not-call claim is barred because his phone number does not qualify as a residential number including, but not limited to, because it is a cell phone number and because, on information and belief, it corresponds to a business and/or is used for business purposes.

### FOURTH DEFENSE
### (Safe Harbor)

Plaintiff's do-not-call claim fails because Defendant has established and implemented reasonable practices and procedures to prevent telephone solicitations in violation of the FCC's do-not-call regulations, and thus the statutory safe harbor set forth in the TCPA and its regulations applies and bars Plaintiff's claim.

### FIFTH DEFENSE
### (No Covered Calls)

Plaintiff's do-not-call claim fails because the calls at issue do not constitute telephone solicitations under the TCPA.

## SIXTH DEFENSE
### (Established Business Relationship)

Plaintiff's do-not-call claim fails to the extent the parties' had an established business relationship.

## SEVENTH DEFENSE
### (Substantial Compliance & Good Faith)

Plaintiff's claims are barred as a result of Ideal Concepts' substantial compliance with the TCPA.  Further, Plaintiff's claims are barred because Ideal Concepts acted in good faith and had reasonable grounds for reasonably relying upon and believing that it acted properly with respect to the communications at issue.

## EIGHTH DEFENSE
### (No Direct or Vicarious Liability)

Plaintiff's claims are barred to the extent Ideal Concepts did not place the calls at issue and is not vicariously liable for the calls at issue.

## NINTH DEFENSE
### (Violation of the Fifth and Eighth Amendments)

The statutory damages provision of the TCPA violates the Due Process Clause under the Fifth Amendment to the Constitution and the Eighth Amendment to the Constitution.  If a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

## TENTH DEFENSE
### (Violation of the First Amendment)

The TCPA violates the First Amendment of the United States Constitution because it places unconstitutional restrictions on Ideal Concepts' constitutional rights under the Free Speech Clause. The provisions at issue are thus unenforceable.

## ELEVENTH DEFENSE
### (*De Minimis Harm*)

Plaintiff's alleged harm, if any, was *de minimis*, and is thus unrecoverable.

## TWELFTH DEFENSE
### (No Personal Jurisdiction)

Personal jurisdiction in this case rests solely on specific jurisdiction. Accordingly, to the extent Plaintiff attempts to certify his putative class as presently defined, this Court has no personal jurisdiction over Ideal Concepts relating to out-of-state class members under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

## THIRTEENTH DEFENSE
### (Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations)

Plaintiff's claims are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, laches, waiver, failure to mitigate, consent, and other equitable limitations, particularly to the extent Plaintiff intentionally invited the harm for which he now complains, delayed in bringing this case, failed to mitigate his damages, and/or contributed to the receipt of the calls at issue.

## FOURTEENTH DEFENSE
### (Class Defenses)

Ideal Concepts opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Ideal Concepts' objections, Ideal Concepts asserts the defenses set forth herein against each and every member of the certified class.

## FIFTEENTH DEFENSE
### (Reservation of Rights)

Ideal Concepts specifically reserves the right to add additional affirmative defenses.

## JURY DEMAND

Ideal Concepts demands a trial by jury for all issues so triable.

**WHEREFORE**, Ideal Concepts prays for judgment as follows:

1. Dismissal of the Complaint in its entirety with prejudice;

2. That Plaintiff take nothing by the Complaint and that judgment be entered against Plaintiff and in favor of Ideal Concepts;

3. That Ideal Concepts be awarded its costs of suit and reasonable attorneys' fees; and

4. That the Court award Ideal Concepts such other and further relief as the Court deems just and appropriate.

May 5, 2025                                     Respectfully submitted,

                                                /s/ Mark S. Eisen

                                                Allyson R. Cady
                                                acady@beneschlaw.com
                                                **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
                                                127 Public Square, Suite 4900
                                                Cleveland, OH 44114-1284
                                                Telephone: 216-363-4500
                                                Facsimile: 216-363-4588

                                                Mark S. Eisen (admitted *pro hac vice*)
                                                meisen@beneschlaw.com
                                                **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
                                                71 S. Wacker Drive, Suite 1600
                                                Chicago, Illinois 60606
                                                Telephone: (312) 212-4949
                                                Facsimile: (312) 767-9192

                                                *Counsel for Ideal Concepts, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all interested parties using this Court's ECF filing system 5th day of May 2025.

*/s/ Mark S. Eisen*